IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILFRIEDA VLEUGELS,   )
   )
       Plaintiff,   )
   )
     V.   )   C.A. NO. N17C-10-322 CEB
   )
SHAWN L. SAMUELS, CHARLES   )
T. ARMBRUSTER, AS   )
ADMINISTRATOR OF THE   )
ESTATE OF DUANE   )
SWARTZENTRUBER, AND   )
PROGRESSIVE NORTHERN   )
INSURANCE COMPANY,   )
   )
       Defendants.   )

Submitted:  October 8, 2020
Decided December 4, 2020

**MEMORANDUM OPINION**

*Defendant's Motion to Dismiss*.
**DENIED**.

Emily P. Laursen, Esquire, KIMMEL CARTER ROMAN PELTZ & O'NEILL, P.A., Newark, Delaware.  Attorney for Plaintiff.

Susan L. Hauske, Esquire, TYBOUT REDFEARN & PELL, Wilmington, Delaware. Attorney for Defendant Charles T. Armbruster, as Administrator of the Estate of Duane Swartzentruber.

**BUTLER, R.J.**

# FACTS AND PROCEDURAL HISTORY

This case involves a suit for damages over a car wreck that had its own mishap on the way into the courthouse.

Plaintiff claims injury as a result of a multiple car, chain-reaction accident on Route 1 in Sussex County. She alleges negligence by drivers Shawn Samuels, Duane Swartzentruber, and a "phantom driver" from whom she seeks compensation from her uninsured motorist coverage with Progressive Northern Insurance Company ("Progressive").[1]

Two weeks after suit was filed in October 2017, Attorney Susan List Hauske entered her appearance on behalf of Defendant Duane Swartzentruber.[2] That very day, the Sheriff returned the writ for service on Mr. Swartzentruber advising that he had been deceased for several months.[3]

In February 2018, Plaintiff sought, and was granted, an additional 120 days pursuant to Rule 4(j) in order to determine if the estate could be served or if the estate would have to be reopened.[4] That period began on March 2, 2018. Shortly thereafter, through Attorney Hauske, Defendant Swartzentruber stipulated to the appointment

---

[1] Compl., D.I. 1.
[2] D.I. 3.
[3] D.I. 4.
[4] D.I. 7, 8.

of Calvin D. Swartzentruber as Administrator for the estate of the deceased Duane Swartzentruber.[5]

In late June 2018, Plaintiff learned that although an Administrator now existed, the estate had been closed and would need to be reopened before Calvin could be served in his capacity as Administrator of the Estate. Plaintiff filed her second motion to extend time for service on Swartzentruber.[6] Ironically, Attorney Hauske, representing Duane Swartzentruber, asked to be excused from attending the hearing to extend the time to serve the Estate of Duane Swartzentruber.[7] The motion was granted, effective July 17, 2018.

In October 2018, Attorney Charles Armbruster entered the picture as the new Administrator, substituting for Calvin Swartzentruber, with Attorney Hauske signing off on the stipulation, still representing the interests of Defendant Swartzentruber.[8]

In January 2019, the Court sent a "status request" to the parties, noting that it did not have a return of service on Defendant Swartzentruber. Plaintiff's counsel responded that "On October 29, 2018, counsel for Defendant Swartzentruber agreed

---

[5] D.I. 10.
[6] D.I. 23.
[7] D.I. 28.
[8] D.I. 34.

2

to accept service on behalf of her client. Plaintiff's counsel filed an Alias Praecipe and Summons for service of Defendant Swartzentruber's via his counsel."[9]

One might think that this would end the problem. Alas, despite four trips to make service on Attorney Hauske, the sheriff returned the writ, explaining that the receptionist in the law office of Attorney Hauske would not accept service. But even as counsel's receptionist would not accept service, Attorney Hauske 1) noticed the Plaintiff's deposition, 2) noticed the deposition of the other driver Mr. Samuels, and 3) subpoenaed records from Plaintiff's medical provider.[10]

The docket in this matter then went silent for over 6 months until March 2020, when the prothonotary sent another "stall later" due to inactivity. A day later Defendant Swartzentruber, through Attorney Hauske, filed this motion to dismiss for failure to serve the complaint on the Defendant.

## DISCUSSION

It appears that neither side clothed themselves in glory in this matter. Plaintiff got defense counsel to agree to accept service on behalf of the Defendant and then did not follow through and ensure that the service was effected. Defense counsel entered her appearance and participated in the litigation but urges that the Court should dismiss the lawsuit over service on her client.

---

[9] D.I. 38.
[10] D.I. 40, 42-43.

So we have a couple of problems. First there is Plaintiff's failure of service on the defendant. Second, there is the problem with defense counsel's agreement to accept service on behalf of the defendant, then refusing service at her law office, and undertaking discovery in a case in which her client has not yet been served.

It seems to the Court that while extensions under Rule 4 were not requested with diligence by the Plaintiff, they would have been granted as there was considerable confusion in the state of the estate of Mr. Swartzentruber. Defense counsel's actions suggest she also may have been confused about the state of service of process—the motion to dismiss was not filed until March 2020, some 18 months after defense counsel agreed to accept service on behalf of her client. The Court understands the Plaintiff's diligence was lacking. But the Plaintiff was not alone. Indeed, the Court is less troubled by Plaintiff's undiligence than it is by Defendant's choice to ignore the service issue for months, participate in the litigation, only to pop up later and complain of Plaintiff's shortcomings.

In *Tuckman v. Aerosonic Corp.*,[11] the Court dealt with the question whether a party that engages in discovery may nonetheless subsequently challenge personal jurisdiction over the defendant. A *Tuckman* defendant sought dismissal in the wake of *Shaffner v. Heitner*,[12] which ruled that Delaware could not assert personal

---

[11] 394 A.2d 226 (Del. Ch. 1978).
[12] 433 U.S. 186 (1977).

jurisdiction over a foreign defendant on the basis of stock ownership in a Delaware corporation. The Plaintiff argued that the Defendant had waived personal jurisdiction by answering discovery. The *Tuckman* Court said "The decisive fact to be determined, therefore, is whether the moving party initiated any discovery prior to the motion to dismiss and not, as plaintiff insists, whether non-moving defendants rather than plaintiff took the initiative."[13] Here, counsel for Defendant filed the present motion to dismiss and also initiated depositions of the Plaintiff, the other driver and the Plaintiff's medical records. Defendant thus brings herself into the rule in *Tuckman*, which held that such acts waive personal jurisdiction defenses.

*Tuckman* further articulates that the timeliness of a motion to dismiss for insufficiency of service of process is subject to its own due diligence requirement.[14] The motion to dismiss in *Tuckman* ultimately failed because it was filed 82 days after *Shaffer v. Heitner* was decided. Here, Defendant knew that Plaintiff's time for service under the Rule 4 extension had expired some 18 months before filing her

---

[13] 394 A.2d at 232.
[14] *Id.* at 233; *Accord Florida R & D Fund Investors, LLC v. Florida BOCA/Deerfield R & D Investors, LLC*, 2013 WL 4734834, at *6 n. 61 (Del. Ch. Aug. 30, 2013) ("With that knowledge, their failure to raise the sufficiency of service of process defense in their opening papers constitutes a waiver."); *See also Hornberger Mgmt. Co. v. Haws & Tingle Gen. Contractors, Inc.*, 768 A.2d 983, 987 (Del. Super. 2000) ("Rule 12(b) requires that a defendant raise certain defenses, including lack of personal jurisdiction, in either a responsive pleading or by motion. The purpose of Rule 12(b) is to expedite litigation and encourage the resolution of disputes on their merits.").

motion to dismiss. Thus, the motion to dismiss fails under both rationales of *Tuckman*.

In ruling consistent with *Tuckman* that Defendant waived her complaint of ineffective service of process, the Court is mindful of the policy stated in our rules that "They shall be construed, administered, and employed by the Court and the parties, to secure the just, speedy and inexpensive determination of every proceeding."[15] A dismissal of Plaintiff's complaint over service of process on a deceased defendant who has had counsel representing him or his estate since the filing of the complaint is inconsistent with the mandate of Rule 1.

Defendant's Motion to Dismiss for failure of service of process is **DENIED.**[16]

**IT IS SO ORDERED**.


Resident Judge Charles E. Butler

---

[15] Super. Ct. Civ. R. 1.
[16] In light of the Court's ruling that Defendant has waived service, Plaintiff's motion in the alternative to deem service perfected is denied as moot.